IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02674-BNB

STEVEN JAMES HERNANDEZ,

Applicant,

v.

MISS CARLSON 4225,
OFFICER JOHN DOWS & JANE DOWS,
CASE MANAGER & SUPERVISORS JOHN DOWS & JANE DOWS,
MR. BILL RITTER, JR., Advocate Corps,
OFFICER JOHN DOWS & JANE DOWS,
KEVIN MILYARD, Sterling Facility, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 10 2008

GREGORY C. LANGHAM
CLERK

---

ORDER DIRECTING APPLICANT TO FILE AMENDED PLEADING

---

Applicant, Steven James Hernandez, is a prisoner in the custody of the Colorado Department of Corrections at the Sterling Correctional Facility at Sterling, Colorado. Mr. Hernandez has filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the computation of his sentence. He also has filed on January 7, 2008, a motion seeking leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. The *in forma pauperis* motion filed on January 7 will be denied as moot because Mr. Hernandez already has been granted leave to proceed *in forma pauperis* in this action.

The court must construe the application liberally because Mr. Hernandez is representing himself. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v.**

***Bellmon***, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be the ***pro se*** litigant's advocate. **See *Hall***, 935 F.2d at 1110. For the reasons stated below, Mr. Garrison will be ordered to file an amended pleading.

The court has reviewed the application and finds that it is deficient. First, the application is confusing and difficult to understand. Although it is clear that Mr. Hernandez is challenging the computation of his sentence, he fails to present his claims challenging the computation of his sentence in a clear and concise manner. It is not clear why Mr. Hernandez believes that he is entitled to be released prior to the date computed by prison officials.

The application also is confusing because Mr. Hernandez has used the wrong habeas corpus application form. The claim or claims Mr. Hernandez is asserting in this action properly are asserted pursuant to 28 U.S.C. § 2241 because he is challenging the execution of his sentence rather than the validity of his conviction or sentence. **See *Montez v. McKinna***, 208 F.3d 862, 865 (10th Cir. 2000).

Therefore, Mr. Hernandez will be ordered to file an amended application on the proper form. Mr. Hernandez is advised that he must present his claims in a clear and concise manner. Mr. Hernandez also is advised that his custodian is the only proper Respondent and that he may not seek damages as relief in this habeas corpus action. Whatever claims for damages Mr. Hernandez may seek to assert against the individuals who allegedly have violated his constitutional rights must be raised in a separate civil action at an appropriate time. Finally, Mr. Hernandez is advised that, regardless of the statutory authority for his claims challenging the computation of his sentence, he is required to exhaust state court remedies before raising those claims in

federal court. *See Montez*, 208 F.3d at 866. Therefore, Mr. Hernandez must clarify in his amended application how he has exhausted state court remedies. Accordingly, it is

ORDERED that the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 filed on January 7, 2008, is denied as moot. It is

FURTHER ORDERED that Mr. Hernandez file **within thirty (30) days from the date of this order** an amended pleading on the proper form that complies with this order. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Hernandez, together with a copy of this order, two copies of the following form: Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. It is

FURTHER ORDERED that if Mr. Hernandez fails within the time allowed to file an amended pleading as directed, the application will be denied and the action will be dismissed without further notice.

DATED January 10, 2008, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-02674-BNB

Steven James Hernandez
Reg. No. 54246
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751-6000

    I hereby certify that I have mailed a copy of the **ORDER and two copies of Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241** to the above-named individuals on \_\_1/10/08\_\_.

                              GREGORY C. LANGHAM, CLERK

                          By: _____
                                    Deputy Clerk